Sean T. Olson, #6-4127
Allison R. Pritchard, # 8-6950
Olson Personal Injury Lawyers
1607 Capitol Avenue
Cheyenne, WY 82001
Phone: (307) 317-6779
Email: sean@olsonlawfirm.com
        allison@olsonlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **RHONDA COPLEN**, as the Wrongful Death Representative of **TRANYELLE HARSHMAN, BRAILEY BLACKMER, OLIVIA  BLACKMER, BROOKE HARSHMAN, and JORDAN HARSHMAN,** Deceased<br><br>                              Plaintiff,<br><br>            vs.<br><br>**SAGE PSYCHIATRY SERVICES LLC, a Wyoming Corporation; and KRISTA LEE BLOUGH, APRN**, individually and in her Capacity as a Psychiatric Nurse Practitioner,<br><br>                              Defendants. | **)** Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**)**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Rhonda Coplen, as the Wrongful Death Representative of the Estates of Tranyelle Harshman, Brailey Blackmer, Olivia Blacker, Brooke Harshman, and Jordan Harshman, brings this Wrongful Death Complaint and alleges as follows:

## INTRODUCTION

This case arises out of the negligent prescription of ketamine to Tranyelle Harshman by Defendants Sage Psychiatry Services LLC and Krista Blough, APRN. Ketamine is a powerful anesthetic and painkiller with known risks of hallucinations, psychosis, and detachment from reality when consumed by humans. Despite knowing those risks, Defendants prescribed and allowed Ms. Harshman to consume ketamine while alone and at home with her minor children.

On February 10, 2025, Ms. Harshman ingested ketamine at home that had been prescribed by Defendants. Shortly thereafter, Ms. Harshman shot and killed her four minor children before shooting and killing herself.

This wrongful death action is brought by Ms. Harshman's mother, as the duly-appointed wrongful death representative, on behalf of the surviving beneficiaries of Ms. Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman.

## I.      PARTIES

1.      Plaintiff Rhonda Coplen is an individual domiciled in the State of Idaho. She is the biological mother of Tranyelle Harshman and the maternal grandmother of Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman, all deceased.

2.      Plaintiff has been duly appointed as the wrongful death representative for Tranyelle Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman pursuant to Wyo. Stat. Ann. § 1-38-103, in Wyoming District Court Case Number 25-CV-00038, for each of the decedents.

3.      Defendant Krista Lee Blough, APRN, is an individual domiciled in the State of

2

Wyoming and licensed as an advanced practice registered nurse (APRN) specializing in psychiatry and mental health.

4.      Upon information and belief, Defendant Blough resides and practices in Sheridan County, Wyoming.

5.      Defendant Sage Psychiatry Services LLC is a Wyoming corporation with a principal office location of 1002 Rumsey Avenue, Suite A, Cody, WY 82414. It has a registered agent, for purposes of personal service, of Defendant Krista Lee Blough, 1002 Rumsey Avenue, Suite A, Cody, WY 82414.

6.      Upon information and belief, John Doe Pharmacy is a compounding pharmacy that filled any and all prescriptions for Tranyelle Harshman, prescribed by Defendant Blough, APRN.

## II.      JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because:

  a.  Plaintiff is a citizen of the State of Idaho;

  b.  Defendant is a citizen of the State of Wyoming;

  c.  Complete diversity exists between the parties; and

  d.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      This Court possesses personal jurisdiction over Defendants because they reside in and conduct business in the State of Wyoming and because the acts giving rise to this Complaint occurred within this judicial district.

9.      Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this district and a substantial part of the events or omissions

3

giving rise to the claims occurred in this district.

### III.    FACTUAL ALLEGATIONS

10.    Tranyelle Harshman was a Wyoming resident and the mother of four children: Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman.

11.    All of Ms. Harshman's children were minors at the time of their deaths.

12.    Ms. Harshman was under the psychiatric care of Defendant Krista Blough, APRN, during the time leading up to her and her children's deaths.

13.    At all relevant times, a healthcare provider-patient relationship existed between Krista Blough, APRN, and Tranyelle Harshman.

14.    At all relevant times, Defendant Blough acted in her capacity as an APRN through Defendant Sage Psychiatry Services LLC.

15.    At all relevant times Defendant Blough acted as an employee of Defendant Sage Psychiarty Services LLC.

16.    At all relevant times, Defendant Blough was aware that Ms. Harshman possessed a history or and was being treated for post-traumatic stress disorder (PTSD) and post-partum depression (PPD).

17.    Defendant Blough prescribed and/or administered ketamine to Ms. Harshman as part of Ms. Harshman's psychiatric treatment.

18.    Ketamine is a dissociative anesthetic with known risks of hallucinations, psychosis, and detachment from reality, especially in unsupervised or outpatient settings.

19.    The applicable standard of care requires that ketamine be administered only in

4

medically controlled settings with appropriate monitoring to mitigate risks of dissociation, psychosis, self-harm, and harm to others.

20.     Despite these known risks and Ms. Harshman's pre-existing mental health conditions, Defendant Blough prescribed and permitted or directed Ms. Harshman to self-administer ketamine at home without medical supervision or safeguards.

21.     On or about February 10, 2025, Ms. Harshman ingested ketamine at her home.

22.     While in an altered or dissociative mental state induced by ketamine, Ms. Harshman fatally shot her four children and then herself.

23.     Defendant Blough's actions in prescribing and managing ketamine for Ms. Harshman fell below the applicable standard of care, and her negligence was a direct and proximate cause of the deaths of Ms. Harshman and her children.

24.     Among other failures, Defendant Blough:

    a.  Negligently assessed Ms. Harshman's mental health suitability for ketamine;

    b.  Allowed unsupervised at-home use of a powerful dissociative anesthetic;

    c.  Failed to monitor Ms. Harshman for adverse psychological reactions;

    d.  Failed to warn Ms. Harshman and her family of the extreme risks of home use;

    e.  Acted outside of accepted psychiatric practice and clinical safety protocols.

25.     As a result of Defendant's negligence, Plaintiff and the statutory beneficiaries of each decedent have suffered devastating economic and non-economic harm.

## IV.    FIRST CLAIM FOR RELIEF
(Negligence – Krista Blough, APRN)

26.    Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

27.    At all times relevant to this complaint, a a healthcare provider-patient relationship existed between Krista Blough, APRN, and Tranyelle Harshman.

28.    At all times relevant hereto, Defendant Blough owed a duty to Ms. Harshman to provide medical care and treatment, and prescribe medication within the standard of care and skill ordinarily possessed by reasonably prudent healthcare providers practicing in the same or similar circumstances.

29.    Defendant Blough prescribed Ketamine, a dissociative anesthetic with known risks, to Ms. Harshman in an outpatient setting without clinical oversight.

30.    Defendant Blough knew that Ms. Harshman possessed a history of PPD and PTSD.

31.    Defendant Blough failed to take any steps to ensure safe and effective use of Ketamine therapy for Ms. Harshman by permitting unsupervised use of Ketamine.

32.    Defendant Blough's failures to properly treat and/or supervise Ms. Harshman during the use of Ketamine, a known dissociative anesthetic, constituted a failure to meet the standard of care required of Defendant Blough.

33.    Defendant Blough's failure to meet the standard of care constituted negligence.

34.    As a direct and proximate result of the breach of Defendant Blough's duty to provide medical treatment within the applicable standard of care, Ms. Harshman shot and killed her four minor children, and then herself.

35.     It was foreseeable that failing to meet the standard of care in Defendant Blough's treatment and oversight of Ms. Harshman could result in worsening conditions, injuries, or death for Ms. Harshman and her minor children.

36.     As a result of the death of Ms. Harshman and her four minor children, Ms. Harshman's beneficiaries and surviving family have suffered damages and losses, including grief, loss of future companionship, society, and comfort.

**V.     SECOND CLAIM FOR RELIEF**
(Negligence – Defendant Sage Psychiatry Services LLC)

37.     Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

38.     At all times relevant to this complaint Defendant Sage Psychiatry Services LLC held itself out as a provider of psychiatric services in Cody, Wyoming.

39.     At all times relevant hereto, Defendant Sage Psychiatry Services LLC hired Defendant Blough to provide psychiatric services to its patients.

40.     At all times relevant hereto, Defendant Sage Psychiatry Services LLC hired its other employees to provide medical care to its patients.

41.     At all times relevant hereto, Defendant Cheyenne Regional Medical Center, through its employees and agents, owed a duty to Ms. Harshman and Ms. Harshman's children to provide medical care and treatment within the standard of care and skill ordinarily possessed by reasonably prudent healthcare providers practicing in the same or similar circumstances.

42.     As detailed above, Defendants Blough failed to provide medical care to Ms. Harshman that met the standard of care.

7

43.     Defendant Sage Psychiatry Services LLC failed to promulgate and enforce policies and procedures which would have ensured the appropriate care of Ms. Harshman.

44.     It was foreseeable that failing to provide medical care that met the standard of care could cause injury or death to Ms. Harshman and any other patient of Defendant Sage Psychiatry Services LLC.

45.     It was foreseeable that failing to promulgate and enforce appropriate policies and procedures for the care of its patients could cause injury or death to Ms. Harshman and any other patient of Defendant Sage Psychiatry Services LLC.

46.     As a result of the negligence of Defendant Sage Psychiatry Services LLC's employees and agents, Ms. Harshman and her children died.

47.     As a result of Defendant Cheyenne Regional Medical Center's failure to promulgate and enforce appropriate policies and procedures for the care of its patients, Ms. Harshman and her children died.

48.     Defendant Sage Psychiatry Services LLC is vicariously liable, through the doctrine of respondeat *superior*, for the acts and negligence of its employees and agents, including but not limited to Defendant Blough, that caused Ms. Harshman and her children's deaths.

49.     As a result of the death of Ms. Harshman and her children, their beneficiaries and surviving family *have* suffered damages and losses, including grief, loss of future companionship, society, and comfort.

## VI.     THIRD CLAIM FOR RELIEF
### (Wrongful Death – Wyo. Stat. Ann. § 1-38-101 et seq.)

50.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

51.     Defendants Blough and Sage Psychiatry Services LLC owed a duty of care to their patient, Tranyelle Harshman, and to the foreseeable victims of psychiatric mismanagement to act reasonably at all times.

52.     Defendants breached that duty through acts and omissions that fell below the standard of care applicable to psychiatric nurse practitioners in the State of Wyoming.

53.     As a direct and proximate result of Defendants' conduct, Tranyelle Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman died.

54.     The deaths of Tranyelle Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman were the foreseeable result of Defendants' breach of their duty.

55.     Pursuant to Wyo. Stat. Ann. § 1-38-101 et seq., Plaintiff brings this action for the exclusive benefit of the statutory beneficiaries of each decedent.

56.     Plaintiff and the decedents' heirs have suffered economic and non-economic damages, including funeral and burial expenses, and loss of care, guidance, and companionship.

57.     Defendants' conduct was willful, wanton, and recklessly indifferent to the safety of others, warranting punitive damages under Wyoming law.

## VII.     FOURTH CLAIM FOR RELIEF
### (Negligence, Lack of Informed Consent – ALL DEFENDANTS)

58.     Plaintiff hereby incorporates each and every preceding paragraph as though fully set forth herein.

59.     At all times relevant hereto, Defendants owed a duty to Ms. Harshman to provide medical care and treatment within the standard of care and skill ordinarily possessed by reasonably prudent healthcare providers practicing in the same or similar circumstances, and provide information regarding Ms. Harshman's treatment and condition sufficient for Ms. Harshman to make informed decisions about Ms. Harshman's care.

60.     Defendants failed during the course of care to inform Ms. Harshman of the potentially catastrophic consequences of the treatment Defendants prescribed to Ms. Harshman.

61.     As a result of Defendants failure to reasonably inform Ms. Harshman of the potentially deadly consequences of Ms. Harshman's medical treatment, Ms. Harshman did not seek additional medical advice or care.

62.     No reasonable person would have accepted the treatment offered to Ms. Harshman knowing of the potential risks of such treatment.

63.     As a result of the treatment provided to Ms. Harshman, Ms. Harshman and her children died.

64.     As a result of the death of Ms. Harshman and her children, their beneficiaries and surviving family have suffered damages and losses, including grief, loss of future companionship, society, and comfort.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

1.    For general and special damages in an amount to be determined at trial;

2.    For punitive damages under applicable Wyoming law;

3.    For pre- and post-judgment interest as allowed by law;

4.    For costs and reasonable attorney's fees; and

5.    For such other and further relief as this Court deems just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated September 22, 2025


Respectfully submitted,

*/s/Sean T. Olson*
Sean T. Olson, (WSB #6-4127)
Allison R. Pritchard (WSB #8-6950)
Olson Personal Injury Lawyers
1607 Capitol Avenue
Cheyenne, WY 82001
Phone: (307) 317-6779
Email: sean@olsonlawfirm.com
        allison@olsonlawfirm.com

*Attroneys for Plaintiff*