Andrew J. Carafelli, #7-5241
Dino G. Moncecchi #7-5018
Harris, Karstaedt, Jamison & Powers, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, CO 80112
(303) 720-875-9140-phone
(303) 720-875-9141-fax
acarafelli@hkjp.com
dmoncecchi@hkjp.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **RHONDA COPLEN,** as the Wrongful Death Representative of **TRANYELLE HARSHMAN, BRAILEY BLACKMER, OLIVIA BLACKMER, BROOKE HARSHMAN, and JORDAN HARSHMAN,** Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> **SAGE PSYCHIATRY SERVICES LLC,** a Wyoming Corporation; **KRISTA BLOUGH, APRN,** individually and in her Capacity as a Psychiatric Nurse Practitioner; **COMPOUNDING SPECIALISTS LLC,** a Wyoming Corporation, <br><br> Defendants. | Civil Action No.: 2:25-CV-00221-ABJ |

### DEFENDANTS KRISTA BLOUGH, APRN AND SAGE PSYCHIATRY SERVICES LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Defendants, Krista Blough, APRN ("Blough") and Sage Psychiatry Services LLC ("Sage") (collectively referred to herein as "Defendants"), by and through their attorneys Harris, Karstaedt, Jamison & Powers, P.C., and hereby file their Answer to Plaintiff's Second Amended Complaint and Jury Demand as follows:

**INTRODUCTION**

The "Introduction" part of Plaintiff's Second Amended Complaint is a narrative that is not specifically numbered. To the extent that any of the statements or allegations contained therein can be construed against Defendants Blough or Sage Psychiatry Services LLC, Defendants hereby deny the same.

## I.   PARTIES

1. In answer to the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

2. In answer to the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

3. In answer to the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

4. In answer to the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint, Defendants admits the allegations contained therein.

5. In answer to the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

6. In answer to the allegations in Paragraph 6 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

## II.   JURISDICTION AND VENUE

7. In answer to the allegations in Paragraph 7 and subparts a through d of Plaintiff's

Second Amended Complaint, Defendants note that the allegations contained in this paragraph and all parts thereto constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants are without sufficient information to admit 7a or 7d..

8. In answer to the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained in this paragraph constitute legal conclusions which require neither admitting nor denying.

9. In answer to the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained in this paragraph constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants deny that they engaged in any omissions giving rise to the claims.

### III.   FACTUAL ALLEGATIONS

10. In answer to the allegations in Paragraph 10 of Plaintiff's Second Amended Complaint, Defendants, upon information and belief, admit the allegations contained therein.

11. In answer to the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint, Defendants, upon information and belief, admit the allegations contained therein.

12. In answer to the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint, Defendants admits the allegations contained therein.

13. In answer to the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained in this paragraph constitute legal conclusions which require neither admitting nor denying.

14. In answer to the allegations in Paragraph 14 of Plaintiff's Second Amended

Complaint, Defendants admit the allegations contained therein.

15. In answer to the allegations in Paragraph 15 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

16. In answer to the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint, Defendants admit that Defendant Blough was aware that Ms. Harshman possessed a history and was being treated for post-traumatic stress disorder (PTSD). Defendants further admit that Defendant Blough was aware that Ms. Harshman had previously suffered from post-partum depression (PPD) but did not meet the clinical criteria for the same at the time of the events alleged in the Second Amended Complaint.

17. In answer to the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

18. In answer to the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

19. In answer to the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

20. In answer to the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

21. In answer to the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint, Defendants admit that Defendant Blough prescribed ketamine to Ms. Harshman as part of Ms. Harshman's psychiatric treatment. Defendants deny the remaining allegations contained therein.

22. In answer to the allegations in Paragraph 22 of Plaintiff's Second Amended

Complaint, Defendants admit that ketamine is a dissociative anesthetic with known risk of hallucinations and psychosis and detachment from reality. Defendants deny the remaining allegations contained therein.

23.     In answer to the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint, Defendants note the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants deny the allegations contained therein.

24.     In answer to the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

25.     In answer to the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

26.     In answer to the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint, Defendants, upon information and belief, admit the allegations contained therein.

27.     In answer to the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants.

28.     In answer to the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants.

29.     In answer to the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants.

30. In answer to the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants.

31. In answer to the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

32. In answer to the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

33. In answer to the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants deny the allegations contained therein

34. In answer to the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained in this paragraph are directed at another defendant which require neither admitting nor denying by these Defendants.

35. In answer to the allegations in Paragraph 35 and subparts a through e of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

36. In answer to the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained in this paragraph are directed at another defendant which require neither admitting nor denying by these Defendants.

37. In answer to the allegations in Paragraph 37 of Plaintiff's Second Amended

Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, the allegations are denied.

### IV. FIRST CLAIM FOR RELIEF
(Negligence – Krista Blough, APRN)

38. In answer to the allegations in Paragraph 38 of Plaintiff's Second Amended Complaint, Defendants note that this is an incorporation paragraph which requires neither admitting nor denying. Defendants admit those allegations previously admitted and deny those allegations previously denied as if fully set forth herein.

39. In answer to the allegations in Paragraph 39 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying.

40. In answer to the allegations in Paragraph 40 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendant Blough denies that she breached any duty allegedly owed to Ms. Harshman.

41. In answer to the allegations in Paragraph 41 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

42. In answer to the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

43. In answer to the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

44. In answer to the allegations in Paragraph 44 of Plaintiff's Second Amended

Complaint, Defendants deny the allegations contained therein.

45. In answer to the allegations in Paragraph 45 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

46. In answer to the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

47. In answer to the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

48. In answer to the allegations in Paragraph 48 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

## V. SECOND CLAIM FOR RELIEF
(Negligence – Defendant Sage Psychiatry Services LLC)

49. In answer to the allegations in Paragraph 49 of Plaintiff's Second Amended Complaint, Defendants note that this is an incorporation paragraph which requires neither admitting nor denying. Defendants admit those allegations previously admitted and deny those allegations previously denied as if fully set forth herein.

50. In answer to the allegations in Paragraph 50 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

51. In answer to the allegations in Paragraph 51 of Plaintiff's Second Amended Complaint, Defendants admit the allegations contained therein.

52. In answer to the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

53. In answer to the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained therein constitute legal conclusions

which require neither admitting nor denying.

54. In answer to the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

55. In answer to the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

56. In answer to the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

57. In answer to the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

58. In answer to the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein.

59. In answer to the allegations in Paragraph 59 of Plaintiff's Second Amended Complaint, Defendants deny the allegations contained therein,

60. In answer to the allegations in Paragraph 60 of Plaintiff's Second Amended Complaint, Defendants note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants deny that any of Sage Psychiatry Services LLC's employees or agents, including but not limited to Blough, engaged in any acts of negligence or caused Ms. Harshman and Ms. Harshman's children's death.

61. In answer to the allegations in Paragraph 61 of Plaintiff's Second Amended Complaint, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

## VI.   THIRD CLAIM FOR RELIEF
(Negligence – Compounding Specialists LLC)

62.   In answer to the allegations in Paragraph 62 of Plaintiff's Second Amended Complaint, Defendants note that this is an incorporation paragraph which requires neither admitting nor denying. Defendants admit those allegations previously admitted and deny those allegations previously denied as if fully set forth herein.

63-72.   In answer to the allegations in Paragraphs 63-72 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants.

## VII. FOURTH CLAIM FOR RELIEF
(Wrongful Death – Wyo. Stat. Ann. § 1-38-101 et seq. – All Defendants)

73.   In answer to the allegations in Paragraph 73 of Plaintiff's Second Amended Complaint, Defendants note that this is an incorporation paragraph which requires neither admitting nor denying. Defendants admit those allegations previously admitted and deny those allegations previously denied as if fully set forth herein.

74.   In answer to the allegations in Paragraph 74 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny they breached any duty allegedly owed.

75.   In answer to the allegations in Paragraph 75 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained

therein.

76. In answer to the allegations in Paragraph 76 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

77. In answer to the allegations in Paragraph 77 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

78. In answer to the allegations in Paragraph 78 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC note that this paragraph contains no factual allegations but only legal conclusions which require neither admitting nor denying.

79. In answer to the allegations in Paragraph 79 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC are without sufficient information to admit or deny the allegations contained therein and therefore, deny the same.

80. In answer to the allegations in Paragraph 80 of Plaintiff's Second Amended Complaint, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

## VIII. FIFTH CLAIM FOR RELIEF
### (Negligence, Lack of Informed Consent – All Defendants)

81. In answer to the allegations in Paragraph 81 of Plaintiff's Second Amended Complaint, Defendants note that this is an incorporation paragraph which requires neither admitting nor denying. Defendants admit those allegations previously admitted and deny those allegations previously denied as if fully set forth herein.

82. In answer to the allegations in Paragraph 82 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny that they breached any duty allegedly owed.

83. In answer to the allegations in Paragraph 83 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

84. In answer to the allegations in Paragraph 84 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

85. In answer to the allegations in Paragraph 85 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions

which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

86. In answer to the allegations in Paragraph 86 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

87. In answer to the allegations in Paragraph 87 of Plaintiff's Second Amended Complaint, Defendants note that the allegations are directed at another defendant which require neither admitting nor denying by these Defendants. To the extent the allegations are directed at these Defendants, they note that the allegations contained therein constitute legal conclusions which require neither admitting nor denying. To the extent a response is required, Defendants Blough and Sage Psychiatry Services LLC deny the allegations contained therein.

88. Any allegation not specifically admitted herein is hereby denied.

89. The remaining portion of Plaintiff's Second Amended Complaint is her "Wherefore" clause which requires neither admitting nor denying. To the extent the "Wherefore" clause contains any factual allegations against Defendants, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred or limited by the applicable Statute of

Limitations.

3. That Defendants did not cause the Plaintiff's or Decedent's injuries or damages.

4. That Plaintiff's/Decedents' injuries and damages may have been caused by third-parties over whom these Defendants had no control or right to control.

5. That Decedent may have suffered from pre-existing conditions or factors that led to her death and the death of her children.

6. That the Decedent may have been comparatively at fault.

7. That the Decedent was adequately informed of the risks, benefits and alternatives of the treatment and gave their consent based on that information.

8. That Defendants' actions were not below the Standard of Care or a deviation from any applicable standard of care.

9. That Plaintiff/Decedent assumed the risk of the treatment.

10. That Plaintiff's/Decedent's injuries and/or damages, if any, were not the result of any medical error.

11. That the treatments afforded the Decedent were common treatments and were supported by a "respectable minority" of medical professionals.

12. That Plaintiff may have failed to mitigate her damages.

13. That if Defendants were at fault, a legal conclusion that Defendants specifically deny, then any proven fault on the part of these Defendants must be compared and apportioned to the fault of all other actors, including but not limited to Decedents, pursuant to W.S. § 1-1-109.

**DEFENDANTS HEREBY DEMAND A TRIAL BY JURY**

Dated this 7th day of November, 2025.

                                            Respectfully submitted,

/s/ Andrew J. Carafelli
Andrew J. Carafelli, #7-5241
Dino G. Moncecchi, #7-5018
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, Colorado 80112
Phone: 720-875-9140
Fax: 720-875-9141
acarafelli@hkjp.com
dmoncecchi@hkjp.com
ATTORNEYS FOR DEFENDANTS SAGE PSYCHIATRY SERVICES LLC AND KRISTA BLOUGH, APRN

## CERTIFICATE OF SERVICE

I certify that on November 7, 2025, I electronically filed **DEFENDANTS KRISTA BLOUGH, APRN AND SAGE PSYCHIATRY SERVICES LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Sean T. Olson, #6-4127
Allison R. Pritchard, # 8-6950
Olson Personal Injury Lawyers
1536 Cole Blvd., Suite 170
Golden, CO 80401
Phone: 800-800-9889
Email: sean@olsonlawfirm.com
allison@olsonlawfirm.com
*Attorneys for Plaintiffs*

                                            /s/ Andrew J. Carafelli