

FILED

Margaret Botkins
Clerk of Court

8:42 am, 12/16/25

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RHONDA COPLEN,<br><br>Plaintiff,<br><br>VS.<br><br>SAGE PSYCHIATRY SERVICES LLC,<br>KRISTA BLOUGH, APRN,<br>COMPOUNDING SPECIALISTS LLC,<br><br>Defendant, | Case No. 25-CV-221 |

## AMENDED ORDER ON INITIAL PRETRIAL CONFERENCE

On December 11, 2025, the Honorable Alan B. Johnson held an initial pretrial conference. Counsel participating were Sean Olson and Allison Pritchard for Plaintiff and Andrew Carafelli and Scott Ortiz for Defendants.

**I.   Jurisdiction and Venue —**

Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**II.   Claims and Defenses —**

Plaintiff's contentions: This case arises out of the negligent prescription of Ketamine to Tranyelle Harshman by Defendants Sage Psychiatry Services LLC and Krista Blough, APRN. Pharmacists at Compounding Specialists LLC filled the prescription without question or counseling. Ketamine is a powerful anesthetic and painkiller with known risks of

1

hallucinations, psychosis, and detachment from reality when consumed by humans. Despite knowing those risks, Defendants prescribed, provided, and allowed Ms. Harshman to consume Ketamine while alone and at home with her minor children

Defendants Krista Blough & Sage Psychiatry Services, LLC's contentions: Defendants generally deny Plaintiff's material allegations and further deny that they breached any standard of care with respect to the treatment of Ms. Harshman. Defendants have asserted numerous affirmative defenses in their Answer which they incorporate here as if set forth at length.

Defendant Compounding Specialists, LLC's contentions: Defendant Compounding Specialists, LLC is a licensed compounding pharmacy that dispensed Ketamine to the decedent, Ms. Harshman, pursuant to a valid prescription issued by her treating physician. The prescription was lawfully filled and accurately compounded in accordance with all applicable pharmacy standards and regulations. Defendant had no knowledge of, or interaction with, Ms. Harshman's children and owed them no legal duty. The tragic events that followed were the result of unforeseeable and intentional criminal acts that were unrelated to any breach of duty by Defendant. Defendant denies all allegations of negligence or liability and asserts that it complied fully with the applicable standard of care for compounding pharmacists.

### III. Complexity of the Case —

The Judge is of the opinion that this is a non-complex case.

### IV. Rule 26(f) Scheduling Conference —

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

### V. Self-Executing Routine Discovery —

The parties have not completed self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a), but plan to exchange by **December 18, 2025**.

Pursuant to U.S.D.C.L.R. 37.1(b) the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact the Magistrate Judge's chambers prior to filing any written discovery motions.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a).**

VI.    Confidential information —

Some cases necessarily involve information that is not privileged or work-product protected from discovery, but that a party does not want disclosed at large. In these cases, the Court encourages counsel to cooperate and engage in candid communication with the goal of managing such information during pretrial proceedings. Parties may consider a written confidentiality agreement governing their discovery process, which can prevent the need for a protective order. Such agreements may be an effective tool for initially addressing confidential information through the discovery process. If the parties enter into a confidentiality agreement, but a motion for protective order later becomes necessary, the Court will be able to focus on more narrow issues in ruling on the motion. The Court would encourage the parties to consider the potential confidential information and discuss early in the case whether a confidentiality agreement would be beneficial.

However, parties should tailor their confidentiality designations to protect only information that is truly confidential. Cases may involve information that is appropriate to designate some

limited information as being restricted to "attorneys' eyes only," but those are extremely rare and the use of such designation should be limited.

### VII. Use of Generative Artificial Intelligence (AI) in drafting –

The Court does not prohibit attorneys' use of generative AI in their filings. However, it is imperative that attorneys who use AI ensure that any such filings do not contain erroneous and fictitious case law or other references that mislead opposing counsel and the Court. The parties are put on notice that failure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule 11 and other applicable standards of practice and subject the filer to sanctions or other corrective or disciplinary action. Parties should review and comply with the Court's General Order Concerning the Use of Artificial Intelligence in the Preparation of Filings, 25-01.

### VIII. Proposed Orders —

All proposed orders regarding non-dispositive civil motions should be submitted in a word processing format and emailed to Judge Klosterman's chambers wyojudgespk@wyd.uscourts.gov.

All proposed orders regarding dispositive civil motions should be submitted to Judge Johnson's chambers in a word processing format and emailed to wyojudgeabj@wyd.uscourts.gov.

**Status conference for Dispositive Motions – 10/16/2026 at 9:30 a.m**

At this time, the parties do believe there will be dispositive motions. A video status conference is set to discuss the status of the claims, whether the parties anticipate filing dispositive motions, if such motions can be obviated by agreement or stipulation, and the status of settlement efforts. Counsel will receive a notice with the zoom link prior to the conference.

IX.   **Expert Witness Designations —**

Plaintiff's Designation Deadline — <u>6/26/2026</u>

Defendant's Designation Deadline — <u>7/31/2026</u>

In accordance with Fed. R. Civ. P. 26(a)(2) and U.S.D.C.L.R. 26.1(e), the parties shall designate expert witnesses, including a complete summary of the testimony expected from each expert by the respective deadlines above. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). **Any expert report setting forth expert opinions must include any and all exhibits used to summarize or support the report, and counsel are reminded that this requirement includes demonstrative exhibits as well.** The parties are each limited to one testifying expert witness for each field of expertise, absent a showing that complex issues necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field. **THE PARTIES SHALL FILE THEIR EXPERT DESIGNATIONS WITH THE COURT.**

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.

In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify in part or in full as an expert witness, **the**

party calling the medical or mental health providers shall designate them as expert witnesses.

The provisions of Rule 35, "Physical and Mental Examinations," of the Federal Rules of Civil Procedure shall govern the conduct of independent medical examinations of a party whose mental or physical condition is in controversy. All steps required to accomplish an IME, examiner's reports and depositions, if appropriate must be completed no later than 6 full weeks before trial.

Counsel are expected to work cooperatively with regard to scheduling IMEs, expert designations and depositions to ensure completion of these tasks no later than six weeks before trial is scheduled to commence.

FOR JUDGE JOHNSON CASES, PARTIES <u>SHOULD NOT</u> FILE THEIR NOTICES OF DEPOSITIONS OR OTHER DISCOVERY NOTICES.

**Discovery Cutoff Date — <u>10/30/2026</u>**

The discovery cutoff date is <u>October 30, 2026</u>. **ALL DISCOVERY, including fact discovery, and expert witness depositions** must be completed by this date. Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

**X.    Dispositive Motions and *Daubert* Challenges[1] —**

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow*

6

**Dispositive Motion Deadline: 12/4/2026; Response: 1/8/2027**

**Dispositive Motion hearing 1/21/2027 at 9:30 a.m.**

The deadline for the parties to file all dispositive motions together with briefs and affidavits in support thereof is **December 4, 2026.**

The parties shall file responsive briefs and affidavits on or before **January 8, 2027.**

All briefs, affidavits and other materials in support of the party's motion or opposition are due by the above filing deadlines. All filings for dispositive motions, responses (and replies, if allowed) shall be electronically searchable, except audio files, video files, and documents not prepared in Word for which making the file searchable would exceed the file size limit in CM/ECF. Parties relying on deposition testimony for their motions or oppositions shall also email the e-transcript (or fully searchable pdf) version of the deposition(s) to Chambers (wyojudgeabj@wyd.uscourts.gov). If a hearing is set, the Court does not allow reply briefs. If the dispositive motions or briefs thereon are filed earlier than the above scheduled dates, responses and replies shall be filed in the time periods provided in U.S.D.C.L.R. 7.1. If no dispositive motions are timely filed, the hearing will be vacated. **Each party – and parties represented by the same counsel – is limited to filing no more than one motion for summary judgment. Parties wishing to file more than one summary judgment motion must first obtain the Court's leave.**

---

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).; And Fed. R. Evid. 702.

7

The dispositive motions are hereby set for oral hearing before the Honorable Alan B. Johnson on **January 21, 2027 at 9:30 a.m.** at the Joseph C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming.

**PARTIES MAY NOT FILE A REPLY BRIEF IF A DISPOSITIVE MOTION HEARING IS SET.**

**Parties submitting deposition testimony in support of their motions shall also provide to the Court via email to wyojudgeabj@wyd.uscourts.gov, the full deposition provided to the parties by the Court Reporter.**

**Stipulations as to Facts — 11/20/2026**

The parties shall exchange proposals for stipulations as to facts. The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiffs seek to stipulate and Defendants do not, and packet #3 shall include the facts to which Defendants seek to stipulate and Plaintiffs do not. The parties shall file these packets with the Court by **November 20, 2026**.

XI.  Motions in Limine –

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN FOURTEEN (14) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed seven (7) days before the final pretrial conference.

**Final Pretrial Conference —2/26/2027 at 9:30 a.m.**

A final pretrial conference in this matter has been scheduled for **9:30 a.m. on February 26, 2027**, at the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming before the Honorable Alan B. Johnson. Counsel for the parties shall appear in person, unless excused by prior arrangement with the Court.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE JOHNSON'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT PRETRIAL ORDER.** If you cannot locate the form, please contact the Clerk's Office. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. **A copy of the proposed order must be delivered directly to Judge Johnson's chambers (but not filed) via e-mail to wyojudgeabj@wyd.uscourts.gov least seven (7) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST FOURTEEN (14) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. Plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for Defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No. 25-CV-221, Plaintiff's Exhibit 1; Civil No. 25-CV-221, Defendant's Exhibit A. In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicates.* The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court.* Before trial, each party must supply the Court with one (1) hard copy and one (1) electronic/digital copy of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format.

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

* This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

    A.    **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

    B.    **Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

    C.    **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

**XII.**    **Jury Evidence Recording System (JERS) —**

The Court uses the Jury Evidence Recording System (JERS) for the electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). JERS allows jurors to review evidence (documentary, photo, or video exhibits) on a large flat panel monitor during

11

deliberations. The parties must provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court no later than 5 days prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

### XIII. Jury Trial — 3/29/2027 at 1:30 p.m.

A jury trial of **7-10** days is set before Judge Johnson at the U.S. Courthouse, 2120 Capitol Avenue, Courtroom 2, Cheyenne, Wyoming 82001.

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial. Jury instructions must include citations of authority. The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly to Judge Johnson's chambers via e-mail to wyojudgeabj@wyd.uscourts.gov. The instructions must be formatted as a single document for word. Counsel need submit only proposed substantive jury instructions; the Court has its own general instructions, which can be found on the district court website under forms.

THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS. In order to produce these joint instructions, the parties shall

meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions, then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendant.

3. Those instructions propounded by Defendant, opposed by Plaintiff.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

## XIV. Special instructions for Court Reporters at trial –

Requests for Realtime and daily copy or other services should be made at least ten (10) business days prior to trial with Court Reporter Melanie Sonntag, Melanie_Sonntag@wyd.uscourts.gov. Five (5) business days prior to trial, each party will furnish the court reporter an electronic list of all exhibits to be offered, an electronic list of names for all anticipated witnesses, and electronic keyword indices (if available) for all anticipated expert witnesses.

XV. **Miscellaneous – N/A**

XVI. **Settlement Possibilities —**

The Judge considers settlement possibilities of this case to be fair.

Dated this 14th day of December, 2025.

Alan B. Johnson
District Court Judge