Sean T. Olson, #6-4127
Allison R. Pritchard, #8-6950
Olson Personal Injury Lawyers
1536 Cole Blvd., Suite 170
Golden, CO 80401
Phone: 800-800-9889
Email: sean@olsonlawfirm.com
allison@olsonlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **RHONDA COPLEN**, as the Wrongful Death Representative of **TRANYELLE HARSHMAN, BRAILEY BLACKMER, OLIVIA BLACKMER, BROOKE HARSHMAN, and JORDAN HARSHMAN, Deceased,**<br><br>Plaintiff,<br><br>vs.<br><br>**SAGE PSYCHIATRY SERVICES LLC,** a Wyoming Corporation; **KRISTA BLOUGH, APRN,** individually and in her Capacity as a Psychiatric Nurse Practitioner; **COMPOUNDING SPECIALISTS LLC**, a Wyoming Corporation,<br><br>Defendants. | Civil Action No.: 2:25-CV-00221-ABJ |

# PLAINTIFF'S F.R.C.P 26(A)(2) EXPERT DESIGNATIONS

Plaintiff, Rhonda Coplen, individually and as the Wrongful Death Representative of Tranyelle Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman, by and through her attorneys, Olson Personal Injury Lawyers, hereby makes this disclosure of expert witness testimony pursuant to F.R.C.P. 26(a)(2)(B) as follows:

## RETAINED EXPERTS

Plaintiff discloses the following retained experts pursuant to F.R.C.P. 26(a)(2)(B). Each of these experts has been retained or specially employed to provide expert testimony in this case. The written report of each retained expert, prepared and signed by the expert, is served with these disclosures and contains a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming the opinions; any exhibits that will be used to summarize or support the opinions; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in

which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

These experts will testify consistent with their reports, their curricula vitae, the materials identified and relied upon in their reports, and any deposition testimony they may give in this matter. Each expert may testify in response to and in rebuttal of the opinions offered by any expert witness endorsed by any Defendant. Each expert may rely upon and incorporate by reference the opinions, records, and materials reviewed by the other experts endorsed by Plaintiff. Plaintiff reserves the right to supplement, amend, or modify these disclosures and the opinions of these experts as discovery proceeds, including upon receipt of additional records, written discovery, deposition testimony, and the disclosures and reports of any expert endorsed by any Defendant.

1. **Robert B. MacArthur, PharmD, MS, BCSCP**
   **296 Engle Street**
   **Tenafly, NJ 07670**

Dr. Robert B. MacArthur is a retained expert who will offer opinions regarding the pharmacist standard of care and the dispensing of Ketamine to Tranyelle Harshman. Dr. MacArthur is a licensed pharmacist in New York and New Jersey and has served as a hospital pharmacy director for over forty years, including seven years as a Pharmacy Director at a psychiatric hospital with responsibilities involving drugs used to treat psychiatric disorders, including FDA-approved drugs, investigational drugs, and compounded drugs. The pharmacies he has directed have stocked and dispensed Ketamine. A complete statement of his qualifications is set forth in his curriculum vitae, attached as **Exhibit 1A**. Dr. MacArthur's opinions are based upon his education, training, and experience as a pharmacist, together with his review of the records and materials identified in his report, and are offered to a reasonable degree of medical certainty.

All anticipated testimony is consistent with his report, attached as **Exhibit 1B**. Along with his report, attached as Exhibit 1C, is Dr. MacArthur's testimonial history and fee schedule. It is anticipated that Dr. MacArthur will testify that Richard Johnson, RPh, should have refused to fill the Ketamine prescription written by Krista Blough, PMHNP-BC, for Tranyelle Harshman. He will testify that this prescription, dated January 23, 2025, called for twenty-four 150 mg Ketamine troches to be used twice weekly, a three-month supply, and that the prescription was compounded and dispensed by pharmacist Richard Johnson and pharmacy technician Ross Johnson under prescription number RxC403297, sold as a cash transaction, and mailed to Ms. Harshman.

It is anticipated that Dr. MacArthur will testify that the standard of care confines the use of Ketamine to a controlled and monitored setting, such as a hospital, emergency room, or clinic where real-time clinical monitoring, trained staff, airway management and resuscitation equipment, and supervised patient recovery are available. Dr. MacArthur will testify that the only FDA-approved use of Ketamine is as a general anesthetic, that recognized off-label uses of Ketamine also occur only in controlled settings, and that the use of Ketamine anywhere other than a supervised medical setting exceeds the boundaries of the standard of care and is dangerous to both the patient and others.

It is anticipated that Dr. MacArthur will testify that every time a pharmacist fills a prescription, the pharmacist must evaluate the drug, dose, and clinical use and must decide whether

the drug will be used in a manner consistent with the standard of care, and that if the pharmacist is unsure, the pharmacist is required to contact the prescriber, address any unanswered questions, and document the communication in the pharmacy record before dispensing. Dr. MacArthur will testify that there is no evidence that Dr. Johnson or Mr. Johnson contacted Ms. Blough before compounding and filling prescription 403297.

It is anticipated that Dr. MacArthur will testify that Ketamine is a DEA Schedule III controlled substance because repeated use can lead to abuse, addiction, misuse, and overdose, and that the Ketamine package labeling warns that concomitant use of Ketamine with benzodiazepines or other central nervous system depressants may result in profound sedation, respiratory depression, coma, and death. It is anticipated that Dr. MacArthur will testify that at the time the Ketamine troches were sold, Ms. Harshman had an active prescription for the benzodiazepine Clonazepam, and that this fact alone was reason to contact the prescriber. Dr. MacArthur will testify that it appears neither Dr. Johnson, Mr. Johnson, nor Ms. Blough accessed the Wyoming State Board of Pharmacy Prescription Drug Monitoring Program (PDMP), which would have disclosed the medications Ms. Harshman received between December 2024 and February 2025, including Clonazepam, Lorazepam, and Ketamine, and which reflected an additional risk indicator of five or more opioid or sedative providers within the prior two years.

It is anticipated that Dr. MacArthur will testify that Wyoming's pharmacy regulations reinforce these responsibilities, requiring that a pharmacist determine the accuracy and authenticity of all prescriptions received, request and document verification when necessary, and decline to fill a prescription if verification is refused. Dr. MacArthur will testify, to a reasonable degree of medical certainty, that Dr. Johnson deviated from and breached the pharmacist standard of care when he dispensed prescription 403297 for twenty-four 150 mg Ketamine troches for unsupervised at-home use, and that the appropriate course would have been to call Ms. Blough, explain these concerns, and decline to dispense a three-month supply of Ketamine troches to Ms. Harshman.

Dr. MacArthur will testify consistent with his report, his curriculum vitae, the materials identified and relied upon therein, and any deposition testimony he may give in this matter. Dr. MacArthur reserves the right to supplement or amend his opinions should additional records, testimony, or information become available. Plaintiff reserves the right to supplement the opinions of Dr. MacArthur.

2. **Samuel T. Wilkinson, MD**
   **c/o Olson Personal Injury Lawyers**
   **1536 Cole Blvd., Suite 170**
   **Golden, CO 80401**

Dr. Samuel T. Wilkinson is a retained expert who will offer opinions regarding the psychiatric standard of care applicable to the prescription, management, and monitoring of Ketamine therapy for Tranyelle Harshman. Dr. Wilkinson earned his M.D. from Johns Hopkins School of Medicine in 2012, completed his psychiatry residency at the Yale School of Medicine in 2016 and a fellowship at Yale in 2017, and has been Board Certified in Psychiatry by the American Board of Psychiatry and Neurology since 2016. He is an Associate Professor at the Yale School of Medicine and serves as Associate Director of the Yale Depression Research Program.

Dr. Wilkinson has devoted a substantial portion of his academic and clinical career to the study of Ketamine and esketamine in the treatment of depression, mood disorders, and suicidal ideation, including federally funded research and numerous peer-reviewed publications addressing the clinical use of Ketamine. A complete statement of his qualifications, including his publications, is set forth in his curriculum vitae, attached as **Exhibit 2A**. A complete trial testimony and fee schedule are set forth in **Exhibit 2B**.

All anticipated testimony is consistent with his report, attached as **Exhibit 2C**. It is anticipated that Dr. Wilkinson will offer opinions regarding the standard of care applicable to a psychiatric provider prescribing and managing Ketamine, the recognized risks of Ketamine as a dissociative agent, and the appropriate setting, supervision, and monitoring for Ketamine therapy. He will address the propriety of prescribing and permitting unsupervised, at-home self-administration of Ketamine to a patient such as Ms. Harshman, who carried diagnoses of post-traumatic stress disorder and major depressive disorder and who had documented suicidal ideation, and whether Defendant Krista Blough, APRN, and Sage Psychiatry Services LLC met the applicable psychiatric standard of care in their treatment and oversight of Ms. Harshman. It is anticipated that Dr. Wilkinson will offer opinions regarding causation and the relationship between the Ketamine prescribed to Ms. Harshman and the events of February 10, 2025.

Dr. Wilkinson's complete statement of all opinions, the basis and reasons for them, and the facts and data he considered are set forth in his written report. Dr. Wilkinson will testify consistent with his report, his curriculum vitae, the materials identified and relied upon therein, and any deposition testimony he may give in this matter. Plaintiff reserves the right to supplement the opinions of Dr. Wilkinson.

**3. Shaun Carstairs, MD, DFACMT, FACEP**
**PO Box 9425**
**Rancho Santa Fe, CA 92067**

Dr. Shaun Carstairs is a retained expert who will offer opinions concerning the Ketamine and norketamine identified in blood obtained during Tranyelle Harshman's emergency department resuscitation on February 10, 2025, and, in particular, that the data shows Ketamine exposure before hospital arrival. Dr. Carstairs is a physician triple board-certified in Emergency Medicine, Medical Toxicology, and Addiction Medicine, and is licensed to practice medicine in more than forty states, including Wyoming. He earned his M.D. from the Uniformed Services University of the Health Sciences in 1998, completed an emergency medicine residency in 2005 and a fellowship in medical toxicology at the University of California San Diego in 2010, and holds a faculty appointment as Professor of Military and Emergency Medicine at USUHS. He is an actively practicing emergency physician and medical toxicologist with extensive experience evaluating acute drug exposures and interpreting clinical and forensic toxicology results. A complete statement of his qualifications is set forth in his curriculum vitae, attached as **Exhibit 3A** and a complete list of Dr. Carstairs testimony history and fee schedule are attached as **Exhibit 3B**. Dr. Carstairs's opinions are based upon his review of the available records and toxicologic data and upon his education, training, and experience, and are offered to a reasonable degree of medical and toxicological certainty.

Dr. Carstairs will testify consistent with his written report, attached as **Exhibit 3C**, the materials identified and relied upon therein, and any deposition testimony he may give in this matter. Dr. Carstairs reserves the right to supplement, amend, or addend his opinions based on additional or new information, including other expert reports. Plaintiff reserves the right to supplement the opinions of Dr. Carstairs.

## NON-RETAINED EXPERTS

Plaintiff discloses the following non-retained expert witnesses pursuant to F.R.C.P. 26(a)(2)(C). These witnesses have not been retained or specially employed to provide expert testimony in this case. Their testimony and opinions arise from their personal knowledge, professional involvement, investigation, treatment, evaluation, testing, documentation, and/or care provided in connection with the events at issue.

Each non-retained expert may testify based on his or her education, training, experience, professional observations, records, reports, notes, photographs, test results, and other materials created, reviewed, or relied upon in the ordinary course of his or her work. Plaintiff reserves the right to supplement these disclosures as discovery proceeds, including upon receipt of additional records, deposition testimony, and disclosures from Defendants.

1. **Krista Blough, APRN**

   c/o Harris, Karstaedt, Jamison & Powers, P.C.
   10333 E. Dry Creek Road, Suite 300
   Englewood, CO 80112

Krista Blough, APRN, is a Defendant and the psychiatric NP provider who treated Tranyelle Harshman. Ms. Blough may testify concerning Ms. Harshman's recorded psychiatric diagnoses, symptoms, treatment history, mental health status, medication history, ketamine therapy, dosing decisions, patient counseling, monitoring, follow-up, suicide-risk assessment, and the basis for the care and treatment she provided.

Ms. Blough may testify regarding her records, clinical observations, the information available to her during treatment, her understanding of Ms. Harshman's diagnoses, her rationale for prescribing Ketamine, the risks and benefits she believed applied to Ketamine therapy, and any instructions or warnings she provided to Ms. Harshman. Ms. Blough may also testify regarding the care and treatment provided through Sage Psychiatry Services LLC, including her assessment of Ms. Harshman's PTSD, major depressive disorder, suicidal ideation, ADHD symptoms, and request for Ketamine therapy.

2. **Sage Psychiatry Services LLC Representatives, Providers, Employees, and Agents**

   c/o Harris, Karstaedt, Jamison & Powers, P.C.
   10333 E. Dry Creek Road, Suite 300
   Englewood, CO 80112

Representatives, providers, employees, contractors, and agents of Sage Psychiatry Services LLC, including but not limited to NP Blough, may testify concerning the psychiatric care and treatment provided to Tranyelle Harshman, including policies, procedures, protocols, training, supervision, and standards relating to Ketamine prescribing and monitoring.

These witnesses may testify concerning Ms. Harshman's treatment records, intake forms, consent forms, progress notes, prescription records, communications, mental health diagnoses, Ketamine eligibility criteria, dosing and monitoring practices, and any policies or procedures in effect during the relevant period. These witnesses may also testify regarding Sage Psychiatry's policies, procedures, and practices concerning controlled-substance prescribing, suicide-risk assessment, psychiatric evaluation, patient monitoring, and supervision of APRNs prescribing medications like Ketamine for at-home use.

**3. Richard Johnson, RPh**

c/o Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
Casper, WY 82602

Richard Johnson, RPh, is a pharmacist associated with Defendant Compounding Specialists LLC who was involved in dispensing Ketamine to Tranyelle Harshman. Mr. Johnson may testify concerning the prescription, the dispensing process, any drug utilization review, prescriber verification, counseling, communications with Ms. Harshman or Ms. Blough, pharmacy policies, and the basis for any decisions made before dispensing.

Dr. Johnson may testify regarding his professional observations, the pharmacy records, the prescription profile, the electronic prescription, any review for drug interactions or contraindications, patient counseling, and the pharmacy's practices for dispensing Ketamine and Schedule III controlled substances.

**4. Ross Johnson**

c/o Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
Casper, WY 82602

Ross Johnson is a pharmacy technician with Compounding Solutions LLC, involved in the dispensing process for Ms. Harshman's Ketamine prescription. Mr. Johnson may testify concerning his role in receiving, processing, preparing, confirming, shipping, or otherwise handling the Ketamine prescription.

Mr. Johnson may testify regarding pharmacy workflow, communications with Ms. Harshman, information collected before dispensing, shipping or mailing of the prescription, payment records, and any documentation generated in the ordinary course of the pharmacy's business.

**5. Steve Logan, Pharmacist**

c/o Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
Casper, WY 82602

Steve Logan is a pharmacist associated with Compounding Specialists LLC who participated in compounding the Ketamine prescription. Mr. Logan may testify regarding the compounding process, formulation, dosage, preparation, quality-control practices, pharmacy records, and the procedures followed in preparing Ketamine troches for Ms. Harshman.

Mr. Logan may testify based on his personal involvement in compounding the medication, his professional training and experience, the pharmacy's policies and procedures, and records generated in the ordinary course of Compounding Specialists' business.

**6. Compounding Specialists LLC Representatives, Pharmacists, Technicians, Employees, and Agents**

c/o Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
Casper, WY 82602

Representatives, pharmacists, pharmacy technicians, employees, and agents of Compounding Specialists LLC may testify concerning the receipt, review, compounding, filling, counseling, dispensing, sale, and shipment of Ketamine 150 mg troches to Tranyelle Harshman.

These witnesses may testify concerning pharmacy records, prescription records, dispensing logs, counseling records, payment records, shipping records, drug utilization review practices, prescriber-credential verification, controlled-substance policies, employee training, and communications with Ms. Harshman, Krista Blough, or Sage Psychiatry. These witnesses may also testify regarding the pharmacy's policies and practices for Schedule III controlled substances, Ketamine prescriptions, patient counseling, red-flag identification, and compliance with applicable pharmacy standards.

**7. Big Horn County Sheriff's Office Personnel**

415 Murphy Street
Basin, WY 82410

Big Horn County Sheriff's Office personnel, including but not limited to Deputy Keri Angell, Sergeant Jeff Angell, WHP Trooper Crosby Ralston, Deputy Caden Zeller, Sheriff Blackburn, Deputy Brad McConnell, and Craig Shidler, may testify concerning the investigation of the February 10, 2025, incident, scene observations, evidence collection, witness statements, photographs, body-camera footage, law-enforcement reports, dispatch information, and chain of custody.

These witnesses may testify regarding the condition of the residence, the location and condition of the decedents, the firearm and ammunition, medications found in the residence, communications with witnesses and family members, law-enforcement response, and evidence preservation.

These witnesses may testify regarding any written report made during the course of their investigation into the incident. Specifically, Deputy Keri Angell is anticipated to testify that while searching for evidence in Tranyelle Harshman's bedroom, she located a pill bottle next to her bed labeled KETAMINE HCL 150 MG, filled on January 23, 2025, for 24 pills. Deputy Angell will testify that that information indicated Ms. Harshman had possibly taken 16 pills in the span of 18 days, when she should have taken no more than 6. Deputy Angell will also testify that while waiting for crime lab personnel to arrive, she went to the Byron Town Hall and spoke with Mayor Allan Clark who relayed that Ms. Harshman had just started attending church in Byron and he had heard she told individuals that she was struggling with mental health issues, felt like she was losing control, and her medications had recently been changed.

Deputy Angell will also testify about her conversation with Stephanie McArthur, and that McArthur reported Tranyelle Harshman messaged her about thoughts of killing herself and her family on or about January 18, 2025. Deputy Angell will testify that McArthur reported that Tranyelle communicated this to the doctor who prescribed her the ketamine, and the doctor reported this was all part of the plan to help Harshman process those thoughts and that was a good sign—that all of her deepest, darkest feelings would come to the surface and she could process them.

**8. Wyoming Division of Criminal Investigation Personnel**

208 S. College Drive
Cheyenne, WY 82002

Wyoming Division of Criminal Investigation personnel, including but not limited to Special Agent John McCloud, Deputy Director Scott McWilliams, and Crime Scene Investigator John Garzanelli, may testify concerning the investigation of the February 10, 2025 incident, including search warrants, evidence collection, forensic downloads, scene processing, medical-record collection, biological samples, laboratory submissions, investigative findings, and chain of custody.

These witnesses may testify in accordance with any written report made during their investigation of this matter. These witnesses may testify regarding the seizure and handling of medical records, biological specimens, electronic devices, scene evidence, firearms, ammunition, photographs, and investigative materials generated in the ordinary course of the criminal investigation.

**9. Wyoming Highway Patrol**

5300 Bishop Boulevard

Cheyenne, WY 82009

Trooper Crosby Ralston is a non-retained expert witness who may offer testimony based on his training, experience, observations, and actions as a responding law enforcement officer on February 10, 2025. Trooper Ralston was present at the incident location at 239 E. Shoshone Avenue in Byron, Wyoming, during the initial law enforcement response. Deputy Keri Angell reported that Sergeant Jeff Angell and WHP Trooper Crosby Ralston were on South Big Horn and East Shoshone, that Trooper Ralston covered the front of the home with his long gun, and that Sheriff Blackburn and Sgt. Angell entered the residence while Deputy Keri Angell held cover. Sheriff Blackburn likewise reported that Deputy Keri Angell, Sgt. Angell, and WHP Trooper Ralston arrived on scene almost simultaneously, and that he requested Trooper Ralston provide cover to the front of the home.

Trooper Ralston may testify regarding law enforcement response procedures, scene security, tactical entry, officer safety, clearing of the residence, the condition of the scene and victims as observed during the response, and the handling or clearing of the firearm located near Tranyelle Harshman. Sergeant Jeffrey Angell reported that after he observed a small pink handgun near the adult female's head and moved it out of her reach, Trooper Ralston cleared the handgun and placed it at the foot of the bed. Sheriff Blackburn similarly reported that Sgt. Angell removed a small semi-automatic handgun from the female's hand area and that the weapon was passed to Trooper Ralston.

Trooper Ralston may also testify regarding perimeter security and coordination with other responding officers and agencies. Sheriff Blackburn reported that LT Pence from the Highway Patrol arrived and took over perimeter-security assistance, and that Trooper Ralston had "performed admirably" and would need counseling and acommendations. His opinions are expected to arise from his personal participation in the response, his observations at the scene, and his law enforcement training and experience, rather than from any retained expert engagement.

**10. North Big Horn Hospital Providers, Nurses, Employees, and Representatives**

1115 Lane 12
Lovell, WY 82431

North Big Horn Hospital providers, nurses, employees, and representatives, including but not limited to Connor Notman, Paramedic, Scott Murphey, Paramedic, Shelley Murphey, EMT, Joseph Bond, AEMT, Michael Asay, PA-C, Jack Carpenter, PA, Rustin Myrick, FNP-C, Sarah Stilwill, MD, Shelley Murphey, RN, Jill Marchant, RN, and Emilie Hanley RN, may testify regarding the emergency care and treatment provided to Tranyelle Harshman and Olivia Blackmer on February 10, 2025, including medical assessment, resuscitation, medication administration, toxicology samples, laboratory testing, imaging, transfer, and documentation.

These witnesses may testify concerning Ms. Harshman's condition during transportation to the hospital, on arrival, emergency treatment, vital signs, neurologic status, Glasgow Coma Scale, head injuries, intubation, resuscitation, blood and urine sample collection, Ketamine

administration in the emergency department, transfer to St. Vincent's Healthcare, and the contents of the hospital records.

**11. St. Vincent's Healthcare Providers, Nurses, Employees, and Representatives**

1233 N. 30th Street
Billings, MT 59101

St. Vincent's Healthcare providers, nurses, employees, and representatives may testify concerning the care and treatment provided to Tranyelle Harshman and Olivia Blackmer after transfer from North Big Horn Hospital, including evaluation, treatment, prognosis, life-support measures, cause-of-death information, organ-donation issues, toxicology reports and/or information available to them during the time of treatment, and medical documentation.

These witnesses may testify based on their personal involvement, medical records, professional observations, testing, imaging, treatment, and death-related documentation.

**12. Primary Children's Hospital Providers, Nurses, Employees, and Representatives**

100 Mario Capecchi Drive
Salt Lake City, UT 84113

Primary Children's Hospital providers, nurses, employees, and representatives may testify concerning the care and treatment provided to Olivia Blackmer following transfer from St. Vincent's Healthcare, including the nature and extent of her injuries, treatment, prognosis, cause-of-death information, and related medical records.

These witnesses may testify based on their personal involvement, medical records, professional observations, testing, imaging, treatment, and death-related documentation.

**13. Big Horn County Coroner's Office and Forensic Pathology Personnel**

Big Horn County, Wyoming

Big Horn County Coroner's Office personnel and forensic pathology personnel, including but not limited to Heidi L. Reinhard, MD, MS, may testify concerning death investigation, autopsy findings, cause and manner of death, injuries, toxicology, and related forensic findings for Tranyelle Harshman, Brailey Blackmer, Olivia Blackmer, Brooke Harshman, and Jordan Harshman.

These witnesses may testify regarding their examinations, autopsy reports, toxicology findings, injury mechanisms, trajectories, cause and manner of death, and the basis for their opinions and conclusions.

DATED this October 22, 2026.

Respectfully submitted,

*/s/ Sean T. Olson*

Sean T. Olson, W.S.B. #6-4127
Allison R. Pritchard, W.S.B. #8-6950
1536 Cole Blvd., Suite 170
Golden, CO 80401
Phone: 800-800-9889
sean@olsonlawfirm.com
allison@olsonlawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, a true and correct copy of the foregoing PLAINTIFF'S F.R.C.P. 26(a)(2) EXPERT DISCLOSURES was served via the Court's CM/ECF electronic filing system and/or by email to the following:

Andrew J. Carafelli, #7-5241
Dino G. Moncecchi, #7-5018
**Harris, Karstaedt, Jamison & Powers, P.C.**
10333 E. Dry Creek Road, Suite 300
Englewood, CO 80112
acarafelli@hkjp.com
dmoncecchi@hkjp.com

*Attorneys for Defendants Sage Psychiatry Services LLC*
*and Krista Blough, APRN*

Scott E. Ortiz, #5-2550
Erica R. Day, #7-5261
**Williams, Porter, Day & Neville, P.C.**
P.O. Box 10700
Casper, WY 82602
sortiz@wpdn.net
eday@wpdn.net

*Attorney for Defendant Compounding Specialists LLC*

*/s/ Emily Snyder*
Olson Personal Injury Lawyers